UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHA'SHONEE SOLOMON, | ) | 1:05-cv-00923-REC-TAG-HC |
| Petitioner, | ) ) | REPORT AND RECOMMENDATION TO GRANT PETITIONER'S MOTION FOR VOLUNTARY DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS (Doc. 8) |
| v. | ) ) | |
| MATHEW C. KRAMER, | ) ) | |
| Respondent. | ) ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL BACKGROUND**

On June 27, 2005, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Sacramento Division. (Doc. 1). On July 18, 2005, the matter was transferred to the Fresno Division of the Eastern District of California. (Doc. 4). The petition challenges certain conditions of Petitioner's confinement, specifically, Petitioner contests various institutional decisions regarding limitations on Petitioner's visitation rights with minors while incarcerated. (Doc. 1, pp. 5-6). On July 27, 2005, Petitioner filed a motion to voluntarily dismiss the petition for writ of habeas corpus. (Doc. 8).

Although Petitioner's motion lists several bases for seeking dismissal of the petition, the gravamen of Petitioner's request is that he is now convinced "that with the denials of the lower courts, no relief will be granted in his favor." (Doc. 8, p. 1). Petitioner also indicates his

frustration over how "a correctional officer have [sic] more authority then the court and judges of this state and land." (Doc. 8, p. 2).  This is an apparent reference to the decision by the institution's Classification Committee to restrict Petitioner's visitation with minors.

**DISCUSSION**

Under Federal Rule of Civil Procedure 41(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2243 and Rule 11 of the Rules Governing section 2254 Cases, a Petitioner may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment.  Otherwise, an action shall not be dismissed except upon order of the court and upon such terms and conditions as the court deems proper.  Fed. R. Civ. P. 41(a).  In this case, no answer has been served or filed.

Dismissal is generally permitted, unless the respondent will suffer "some plain legal prejudice" as a result of the dismissal.  See Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982).  In the instant case, the Court perceives no apparent prejudice to respondent resulting from the dismissal of this action.  The possibility of having to respond to a future habeas corpus petition is insufficient.  See Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996) (threat of future litigation is insufficient).

Additionally, a preliminary review of the petition supports the Court's initial impression that the grounds listed in this Petition are not cognizable as federal habeas corpus issues; instead, they should have been brought as claims under 42 U.S.C. § 1983, challenging the circumstances and conditions of Petitioner's confinement.

The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory

Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

For the foregoing reasons, the Court concludes that good cause exists to grant Petitioner's motion to voluntarily dismiss the petition for writ of habeas corpus.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Petitioner's motion to dismiss the petition for writ of habeas corpus (Doc. 8), be GRANTED, and that the petition be dismissed without prejudice.

This Report and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 1, 2005**            /s/ Theresa A. Goldner
j6eb3d                                  UNITED STATES MAGISTRATE JUDGE